PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 5:22-CR-711 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| DAJUANE M. COOKS, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 25] |

Pending before the Court is Defendant Dajuane Martez Cooks' *pro se* Motion for New Attorney. ECF No. 25. On September 28, 2023, the Court conducted a hearing to allow Defendant to explain his concerns and to discuss Defendant's Unopposed Motion to Continue the trial date (ECF No. 27). The Court, having considered the motion and statements made before the Court, denies Defendant's Motion for New Attorney. In a separate ruling, the Court grants the motion to continue the October 2, 2023 trial date.

## I. Background

On November 30, 2022, Defendant was arrested pursuant to a criminal complaint filed by the Government on November 21, 2023.[1] *See* ECF No. 1. The same day, a magistrate judge appointed Attorney Eddie M. Sipplen to represent Defendant.

On December 15, 2022, a grand jury indicted Defendant on four charges: 1) felon in possession of firearms and ammunition (Count I), 2) possession with intent to distribute

---

[1] Defendant states that he has been represented by Counsel since November 1, 2022.

(5:22-CR-711)

fentanyl and fluorofentanyl (Count II), 3) possession with intent to distribute cocaine (Count III), and 4) possession of firearms in furtherance of a drug trafficking crime (Count IV). ECF No. 10.

Defendant's Counsel filed a notice of discovery, following Defendant's arraignment, on January 23, 2023. ECF No. 13. Defendant's final pretrial and trial were originally scheduled for February 16, 2023, and February 27, 2023, respectively. ECF No. 12. On February 15, 2023, Defendant filed his first motion to continue final pretrial and trial, because discovery was not complete.[2] ECF No. 14. The Court granted this motion, and Defendant's pretrial and trial were reset for May 23, 2023, and June 12, 2023. ECF No. 15. On May 18, 2023, Defendant filed another motion to continue final pretrial and trial, because discovery was not complete. ECF No. 16. The Court also granted this motion, and rescheduled final pretrial and trial for September 12, 2023, and October 2, 2023. ECF No. 18.

Defendant filed a motion to suppress, and motion to compel on September 5, 2023. ECF Nos. 19, 20. The Court held the scheduled final pretrial conference on September 12, 2023, and heard from Defendant, through counsel, and the Government on the motion to suppress and motion to compel. The day after the September 12th hearing, Defendant filed a *pro se* motion, requesting a new attorney.[3] The Court held an additional hearing, on September 28, 2023 to address the pending motions.

---

[2] Until recently, each time Defendant has requested a continuance, he waived his right to a speedy trial. *See* ECF Nos. 14-1, 17.

[3] The Court received the motion on September 18, 2023, although it was dated September 13, 2023.

(5:22-CR-711)

## II. Standard of Review

The Sixth Amendment provides a criminal defendant with the right to counsel. U.S. Const. amend VI. This right does not provide a defendant with "an absolute right to the counsel of [his] choice." United States v. Debruler, 788 Fed.Appx 1010, 1010 (6th Cir. 2019) (citing United States v. Iles, 906 F.2d 1122, 1130 (6th Cir. 1990)). Once a defendant requests new counsel, the court may grant that request if the defendant establishes good cause. United States v. Ammons, 419 Fed.Appx. 550, 551–552 (6th Cir. 2011) (citations omitted). Good cause is determined by an inquiry that considers:

> 1) the timeliness of the defendant's request 2) the extent to which the breakdown in the lawyer-client relationship "prevented an adequate defense," and 3) "the public's interest in the prompt and efficient administration of justice."

Id. at 551–552 (6th Cir. 2011) (quoting United States v. Mack, 258 F.3d 548, 556 (6th Cir. 2001)).

## III. Discussion

In his *pro se* motion, Defendant requests a new attorney because 1) there has been a lack of communication between Defendant and Counsel, and 2) there are "issues between Attorney [] and Defendant [], that cannot be resolved." ECF No. 25. Defendant relies on the attorney-client privilege to withhold additional reasons for his motion. At the hearing, Defendant made it clear that he desires new counsel because his attorney has not spent enough time with him while preparing for trial.[4]

---

[4] At the September 28th hearing, Defendant's counsel confirmed that he was indeed prepared for trial to commence on October 2, 2023.

3

(5:22-CR-711)

At the threshold it is worth noting that, Defendant filed his motion for new counsel *pro se* while represented by appointed counsel. It is within the discretion of the court to permit a defendant to proceed in a hybrid manner. See *United States v. Mosely*, 810 F.2d 93, 97-98 (1987) (finding that a criminal defendant may not logically assert both the right to counsel and right to defend *pro se*); *McKasle v. Wiggins*, 465 U.S. 168, 183 (1984) (finding that *Faretta v. California* does not require a trial judge to allow hybrid representation); *United States v. Marin*, 597 F.Supp.3d 1162, 1162 (denying a motion filed *pro se* while defendant was represented by counsel).

During the September 28th hearing, Defendant maintained his desire to be represented by counsel. To that end, Attorney Sipplen has represented Defendant from the initiation of proceedings in federal court, without complaint, until the eve of trial. Defendant is not entitled to hybrid representation and the Court declines to permit it. Going forward, Defendant shall seek relief from the Court through his attorney. On this occasion and to further inform the record, the Court makes the following findings.

Defendant's *pro se* motion is not timely. As indicated above, defense counsel has represented Defendant since the federal prosecution began in November of 2022. Defendant has known of the current trial date since May of 2023. He made no complaints about his counsel, including their communications, during the final pretrial hearing. The Court received Defendant's motion *after* that hearing and it is apparent that Defendant's motion was penned[5] within two weeks of his long-standing trial date. Using any of these measures, among others, Defendant filed this motion too close to trial and with little, if

---

[5] The motion is handwritten and appears to be of a fill-in-the-blank nature.

4

(5:22-CR-711)

any, justifiable provocation.  *See* United States v. Vasquez, 560 F.3d 461, 467 (6th Cir. 2009) (finding that defendant's motion was untimely when made less than two weeks before rescheduled trial date).  Substitution of counsel at this stage of proceedings "would 'almost certainly necessitate a last-minute continuance.'" *Id. at* 468 (citations omitted).  This alone justifies denial of Defendant's motion.  *Id.* at 467 (quoting United States v. Whitfield, 259 Fed.Appx. 830, 834 (6th Cir. 2008)) ("When the granting of the defendant's request would almost certainly necessitate a last-minute continuance, the trial judge's actions are entitled to extraordinary deference.").

It bears repeating that Defendant made no mention, *prior to or during* the final pretrial conference, of issues with his attorney.  Given the nature of Defendant's claims and the date of his *pro se* motion, he could have informed the Court of his concerns at the September 12th hearing.  *See* ECF No. 25 (alleging "lack of communication" and "differences between attorney and Defendant").  Had Defendant informed the Court of his concerns at that time, the Court could have more timely inquired into the nature of the problems during that hearing.[6]  *See* United States v. Justice, 14 Fed.Appx. 426, 430–431 (6th Cir. 2001) (finding that the trial court's denial of motion for new counsel did not abuse discretion when the court stated "[y]ou [have] been here twice . . . and neither time did you discuss with me or make any indication that you were dissatisfied with your counsel.  Instead, he rather vigorously represented you.").  Nevertheless and importantly, before concluding the September 12th hearing, when the Court asked if anything else needed to be discussed, neither defense counsel nor Defendant expressed concerns.

---

[6] Based on the record, the Court doubts, however, that earlier revelation of Defendant's unsubstantiated complaint would have yielded a different result.

5

(5:22-CR-711)

Defendant requests a new attorney, by vaguely alleging a lack of communication and differences "that cannot be resolved" with Counsel.[7] ECF No. 25. Defendant's motion indicated that neither he nor his attorney may divulge the issues in their relationship because of attorney-client privilege. This statement is not entirely true. Attorney-client privilege is Defendant's to assert or waive. Nonetheless, more has been and often is shared when a defendant has good cause to seek new counsel. *See* *Vasquez*, 560 F.3d at 467–468 (claiming counsel did not speak Spanish, told defendant to lie, refused to file motions suggested by defendant, refused to bring an interpreter to meetings, and did not provide defendant with all of the discovery materials in support of his motion for substitution of counsel). At the September 28th hearing, Defendant informed the Court that he felt that his attorney did not confer with him enough, because Defendant desired to be more "hands-on" with his case. The Sixth Circuit has not found this to be sufficient evidence of a "total lack of communication preventing an adequate defense." *See, e.g.*, *id.* (concluding the conflict was not total or irreconcilable when communication was strained). On the record before it, the Court rejects this as an excuse for new counsel.

Finally, the Court finds that the Defendant's motion weighs against "the public's interest in the prompt and efficient administration of justice." *See* *Ammons*, 419 Fed.Appx. at 553 (finding a district court's denial of motion for new counsel to be justified when the court concluded that the public's interest weighed against substitution). Defendant's trial has already been continued twice. *See* ECF Nos. 15, 18. As ruled above, Defendant has not presented good cause for new counsel. Additionally substituting counsel at this stage

---

[7] To avoid inadvertently exposing a defense position, the Court had Government's counsel exit, without objection, the courtroom during this part of the hearing.

(5:22-CR-711)

would require a longer continuance than the circumstances require and that requested by current counsel.[8]  See ECF No. 27 (seeking earliest continuance until December 11, 2023).

### IV. Conclusion

For the foregoing reasons, Defendant's Motion for New Attorney is denied.

IT IS SO ORDERED.

| | |
|---|---|
| October 2, 2023 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[8] Defendant refused to waive his right to a speedy trial.  The Court finds this refusal inexplicably contrary to Defendant's position taken in his *pro se* motion which, if granted, would have required a continuance of trial well beyond the current trial date of October 2, 2023 and that sought by defense counsel's motion.  *See, e.g.,* Ammons, 419 Fed.Appx. at 553 (finding that granting a motion for substitution would set a trial scheduled a month later back six months).